### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TREVOR KELLEY<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EUROPEAN TANNING<br>*d.b.a* EUROPEAN TAN,<br><br>　　　　　Defendant. | **ORDER GRANTING DEFAULT JUDGMENT**<br><br>Case No. 2:17-cv-00787-JNP-BCW<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |

　　　　This matter is before the court on the Motion for Default Judgment filed by Plaintiff Trevor Kelley ("Plaintiff") on September 25, 2018.

### BACKGROUND

　　　　Plaintiff is a citizen of Utah with a disability that substantially limits major life activities. He is consequently confined to a wheelchair. Defendant European Tanning d.b.a. European Tan ("Defendant") operates a tanning salon located at 656 East 11400 South Ste P, Draper, UT 84020, which was designed and constructed for first occupancy after January 26, 1993. Plaintiff visited the premises on or about April 3, 2017.

　　　　On the day of his visit, Plaintiff alleges that he was prevented from full and equal enjoyment of the premises in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA) due to certain specific violations of 36 C.F.R. Part 1191, Appendix D. Plaintiff brought suit on July 13, 2017 against Defendant seeking declaratory judgment under 28 U.S.C. § 2201, injunctive relief under 28 U.S.C. § 2202, and attorneys' fees and costs under 42 U.S.C. § 12205.  Defendant was served on July 18, 2017. Defendant did not file an answer or otherwise respond, and on March 19, 2018, the Clerk of Court entered a certificate of default against

1

Defendant under DUCivR 55-1(a). On September 25, 2018, Plaintiff moved for default judgment against Defendant.

## DISCUSSION

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12188 and personal jurisdiction over defendant because it is a citizen of Utah. Plaintiff brings this private cause of action under 42 U.S.C. § 12188(a) against Defendant for operating its establishment in violation of 42 U.S.C. § 12182(a), which prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." To successfully assert a violation of the ADA, Plaintiff must establish that he is a "person who is being subjected to discrimination on the basis of disability," that Defendant operates a Place of Public Accommodation ("PPA"), and that Defendant discriminated against Plaintiff by not providing him full and equal enjoyment of the PPA under 42 U.S.C. § 12182. The court finds that Plaintiff has met his burden and is entitled to judgment in his favor.

Plaintiff is a disabled individual as defined by the ADA. Under 42 U.S.C. § 12102(1)(A) "[t]he term 'disability' means . . . a physical or mental impairment that substantially limits one or more major life activities of such individual." Plaintiff suffers from a disability that has deprived him of the ability to walk, a "major life activity" as defined by the act, and left him confined to a wheelchair. *See id.* at § 12102(2)(A). Defendant European Tan operates a private tanning salon, which qualifies as a PPA because it is a "beauty shop . . . or other service establishment," whose operation affects commerce. *See* 42 U.S.C. § 12181(7).

Plaintiff asserts that Defendant discriminated against him by failing "to remove architectural barriers, and communication barriers that are structural in nature . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A). Specifically, Plaintiff alleges that Defendant's establishment violates the ADA and its accompanying Accessibility Guidelines because of Defendant's:

1. Failure to provide accessible parking space identification signs 60 inches above the finish floor or ground service as required by 36 C.F.R. Part 1191, Appendix D, Guideline 502.6;

2. Failure to locate mirrors over lavatories and countertops with the bottom edge of the reflected surface no greater than 40 inches above the ground as required by 36 C.F.R. Part 1191, Appendix D, Guideline 603.3;

3. Failure to provide toilet flush controls on the open side of the water closet as required by 36 C.F.R. Part 1191, Appendix D, Guideline 604.6;

The court finds that Plaintiff has successfully alleged that he has been subjected to discrimination by Defendant depriving him of full and equal enjoyment of the services offered by Defendant at its PPA in violation of the ADA. Plaintiff is therefore entitled to judgment in his favor.

## ORDER

For good cause shown, the court will enter judgment as follows:

1. Defendant is ORDERED to remediate the following architectural barriers in its PPA as identified in the Complaint:

    a) Failure to provide accessible parking space identification signs 60 inches (1525 mm) above the finish floor or ground surface as required by 36 C.F.R Part 1191, Appendix D, Guideline 502.6;

    b) Failure to locate mirrors over lavatories and countertops with the bottom edge of the reflecting surface no greater than 40 inches (1015 mm) above the ground as required by 36 C.F.R Part 1191, Appendix D, Guideline 603.3;

    c) Failure to provide toilet flush controls on the open side of the water closet as required by 36 C.F.R Part 1191, Appendix D, Guideline 604.6.

2. Defendant shall have 180 days to complete remediation.
3. Defendant is to bear all costs associated with fulfilment of this Order.
4. Consistent with the principles and guidelines in 36 C.F.R Part 1191 Appendix D, Defendant shall develop and adopt, within 60 days, policies and procedures that will cause Defendant to accommodate Plaintiff and any similarly situated individuals,
5. Plaintiff is awarded his costs and reasonable attorney's fees in the amount of $3,150.00. Within fourteen days, Plaintiff shall submit a bill of costs to the clerk of court in accordance with DUCivR 54-2(a).
6. The judgment shall bear interest at the legal rate from the date of entry until paid.

**IT IS FURTHER ORDERED**; that Plaintiff shall serve a copy of this order and the Judgment entered pursuant hereto upon Defendant.

SO ORDERED May 16, 2019.

BY THE COURT:

*(signature)*
_____
HONORABLE JILL N. PARISH
United States District Court Judge